# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CANDY RAYA o/b/o DAKOTA BLANCHARD,**

        **Plaintiff,**

**-vs-**                                                              **Case No. 6:04-cv-1413-Orl-28DAB**

**JO ANNE B. BARNHART, Commissioner of Social Security,**

_____

## ORDER

On behalf of her minor son, Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claim for Supplemental Security Income (SSI) under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED**.

## *I. BACKGROUND*

**A.     Procedural History**

Plaintiff, Candy Raya, protectively filed an application for childhood Supplemental Security Income (SSI) on behalf of her son, Dakota J. Blanchard (the "Child") on October 14, 2001, alleging the Child was disabled since January 1, 1999 due to asthma. R. 56-60. Plaintiff's claim was denied initially and upon reconsideration[1]. R. 35-40 and 43-50. On May 28, 2002, the Plaintiff timely requested a hearing before Administrative Law Judge, Arthur W. Stacy (hereinafter referred to as "ALJ") which was held on July 29, 2003. R. 13, 51, 186-214. In a decision issued September 25, 2003, the ALJ found Plaintiff's son not disabled as defined under the Act. R. 10-12. Plaintiff filed a Request for Review of Hearing Decision/Order, which the Appeals Council denied on July 23, 2004. R. 8-9 and 3-5. Plaintiff filed this action for judicial review on September 24, 2004. Doc. No. 1.

**B.     Medical History and Findings Summary**

The Child's medical history is set forth in detail in the ALJ's decision. By way of summary, the Child complained of and was treated for frequent asthma.

After reviewing the Child's medical records and the Child's and Plaintiff's testimony, the ALJ found that the Child never engaged in substantial gainful activity. R. 14-15 and 21. The Child suffered from asthma, a "severe" medically determinable impairment, but did not have an impairment severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 14, 16, and 20-21. The ALJ further found that Plaintiff's and the Child's testimony were essentially credible. R. 21. The ALJ found that the evidence established the

---

[1] It appears that Plaintiff initially filed an application on April 19, 2001 alleging an onset date of January 1, 1999. R. 33-34. The application was denied on May 18, 2001, and no appeal was pursued by the Plaintiff at that time. R. 41-42, 52-55.

following functional limitations from the combined effect of all of the Child's impairments and reasonably related symptoms: no limitations in the domain of acquiring and using information; no limitation in the domain of attending and completing tasks; no limitations in the domain of interacting and relating with others; no limitations in the domain of moving about and manipulating objects; no limitations in the domain of caring for yourself; and marked limitations in the domain of health and physical well-being. R. 21.  Based on these limitations, the ALJ found that the Child's impairments did not functionally equal any listed impairment in Appendix 1, Subpart P of the Regulations No. 4. R. 21.  Accordingly, the ALJ determined that the Child had not been under a disability at any time through the date of the decision. R. 21.

Plaintiff now asserts that the ALJ failed to fully develop the record, and the ALJ's decision is not supported by substantial evidence.  For the reasons that follow, the Commissioner's decision is **AFFIRMED**.

## *II.  STANDARD OF DISABILITY AND STANDARD OF REVIEW*

In order for an individual under the age of eighteen to be entitled to Supplemental Security Income payments, the Child must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.906.  Under the applicable regulations, the Commissioner employs a three-step evaluation process.  First, he determines whether the Child is engaged in substantial gainful activity.  If not, the next determination is whether the Child has a severe impairment or combination of impairments that meet *or* are medically *or* functionally equal to an impairment listed in Appendix 1 of 20 C.F.R. part 404, Subpart P, and otherwise satisfy the duration requirement.  Where the Child fails to satisfy any

of the criteria, he will be found not disabled. Where each of these requirements is satisfied, the Child will be found disabled. 20 C.F.R. §§ 416.924 - 416.926a; *Wilson v. Apfel*, 179 F.3d 1276, 1277 n.1 (11th Cir. 1999).

A determination by the Commissioner that a Child is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id*. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). It is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses and to draw inferences from the evidence; those inferences are not to be overturned if they are supported by substantial evidence. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971); *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). In determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983); *Miles*, 84 F.3d at 1400.

### *III.  ANALYSIS*

**A.     The ALJ's decision was based on substantial evidence.**

The Plaintiff argues that the ALJ erred by finding that the Child's impairments did not functionally equal the listings. Doc. No. 14 at 6-9. The Plaintiff alleges that the evidence showed that the Child had an "extreme" limitation in the domain of health and physical well-being. The ultimate conclusion of whether the Child's impairment functionally equals a listing is reserved to the Commissioner, *see* 20 C.F.R. § 416.926a(n), and the ALJ properly determined that the evidence of the record showed that the Child had no limitations in the first five domains (R. 18-20), and that the Child had only a "marked" limitation in his health and physical well-being (R. 20 and 21, Finding 5).     As noted by the ALJ (R. 18) and Plaintiff (Doc. No. 14 at 6-7), the regulations provide that for the domain of health and physical well-being, the Commissioner "may also consider you to have an 'extreme' limitation if you are frequently ill because of your impairment(s) or have frequent exacerbations of your impairment(s) that result in significant, documented symptoms or signs *substantially in excess* of the requirements for showing a 'marked' limitation in paragraph (e)(2)(iv) of this section." 20 C.F.R. § 416.926a(e)(3)(iv) (emphasis added).

Furthermore, the regulations provide that a "marked" limitation may be found

> [I]f you are frequently ill because of your impairment(s) or have frequent exacerbations of your impairment(s) that result in significant, documented symptoms or signs. For purposes of this domain, "frequent" means that you have episodes of illness or exacerbations that occur on an average of 3 times a year, or once every 4 months, each lasting 2 weeks or more. We may also find that you have a "marked" limitation if you have episodes that occur more often than 3 times in a year or once every 4 months but do not last for 2 weeks, or occur less often than an average of 3 times a year or once every 4 months but last longer than 2 weeks, if the overall effect (based on the length of the episode(s) or its frequency) is equivalent in severity.

20 C.F.R. § 416.926a(e)(2)(iv).

Thus, based upon Plaintiff's argument, in order to show an "extreme" limitation in the domain of health and physical well-being, Plaintiff must not only show that he had episodes of illness or exacerbations that occur three times per year with each lasting at least two weeks (as required by 20 C.F.R. § 416.926a(e)(2)(iv) to show a "marked" limitation), he must also show, pursuant to 20 C.F.R. § 416.926a(e)(3)(iv), that he had episodes "substantially in excess" of same.

Assuming that the Child had episodes that occurred frequently, or "substantially in excess" of an average of three times per year, the ALJ found that none of the Child's attacks lasted at least two weeks, let alone "substantially in excess" of at least two weeks. R. 15-16. The medical evidence does show that the Child experienced respiratory problems and occasional asthma flare ups. R. 120 (November 1999: hospital admission for wheezing, cough, fever[2]); R. 163 (April 2001: asthma flare up, probably early pneumonia[3]); R. 158 (October 2001: early bronchitis); R. 137 (November 2001: fever, upper respiratory infection, vomiting); R. 155 (December 2001: coughing and wheezing); R. 153-54 (February 2002: coughing, no fever, "states he can't breathe"); R. 185 (August 2002: wheezing); R. 184 (September 2002: asthma attacks and cough); R. 182-83 (October 2002: asthma); R. 178-80 (February 2003: coughing, wheezing, tonsilitis, "asthma no distress"); R. 175 (April 2003: asthma).

However, the medical evidence also shows that, intermittently, the Child's asthma would stabilize. R. 152 (February 25, 2002: "asthma stable."); R. 155 (October 19, 2001: "asthma stable");

---

[2]The attending Emergency Room physician noted: "difficult mo. - having a hard time learning med. regimen." R. 128.

[3]The notes reflect that the Plaintiff declined medical services to treat the Child, even once it was explained such services would be provided for free. R. 163.

R. 181 (November 18, 2002: "recheck asthma - doing well"); R. 172 (May 14, 2003: "asthma flare up . . . [aggravated by teacher's perfume] . . . asthma stable"). The Child's asthma was referred to as "mild" and "stable," and he was often noted to be in "no distress" and "doing well." R.153 (February 14, 2002: "recheck from hospital stay - doing well."); R. 159 (September 4, 2001: "history of asthma - well maintained with meds"); R. 160 (September 28, 2001: "lungs clear"); R. 158 (October 4, 2001: "asthma mild"); R. 178 (February 28, 2003: "asthma no distress"); R. 177 (March 3, 2003: "asthma no distress").

Even assuming that the Child had episodes occurring "substantially in excess" of more than three times per year, but lasting less than two weeks, he may still show an "extreme" limitation in the domain of health and physical well-being by showing that the overall effect is "substantially in excess" of the equivalent of a "marked" limitation. *See* 20 C.F.R. § 416.926a(e)(2)(iv) and (e)(3)(iv). Again, the ALJ's evaluation of the medical evidence shows that the Child had, at most, a "marked" limitation in this domain and not one "substantially in excess" of the equivalent limitation (R. 15-16, 20).

Moreover, there are no physician opinions of record that the Child's impairments meet, medically equal, or functionally equal any listing. On May 17, 2001 and May 15, 2002, Dr. Cristina Martinez, and on November 24, 2001, Dr. Nancy Wright, two non-examining pediatricians, opined that the Child's impairments did not meet, medically equal, or functionally equal any listing. R. 129-34, 166-71 and 145-50. *See* SSR 96-6p (state appointed physicians are medical experts in the evaluation of the medical issues in disability claims and are to be accorded proper weight); 20 C.F.R. § 416.927(d)(3) and (5). These opinions are substantial evidence that support the ALJ's decision. The ALJ's decision that the Child did not equal a listing is supported by substantial evidence in the

record as a whole, and is therefore **AFFIRMED**. *See Martin v. Sullivan*, 894 F.2d 1520,1529 (11th Cir. 1990); *Baker v. Sullivan*, 880 F.2d 319, 321 (11th Cir. 1989).

**B.     The ALJ was not required to order a Consultative Evaluation.**

The Plaintiff claims that the ALJ failed to fully develop the record by not sending the Child for a consultative examination (CE) for a pulmonary function test to determine whether his forced expiratory volume ("FEV") met the value specified in the listing for asthma. Doc. No. 14 at 5-6. The Commissioner contends that the ALJ had properly developed the record and a CE was unnecessary. The Court agrees.

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917. The regulations provide that "[a] consultative examination *may* be purchased when the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on your claim." 20 C.F.R. § 416.919a(b) (emphasis added). "In fulfilling his duty to conduct a full and fair inquiry, the administrative law judge is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the administrative law judge to render a decision." *Holladay v. Bowen*, 848 F.2d 1206, 1207 (11th Cir. 1988) (quoting *Ford v. Secretary of Health & Human Services*, 659 F.2d 66, 69 (5th Cir. 1981)). *Holladay* recognized that 42 U.S.C. § 405(g) "does not require absolute certainty; it requires only substantial evidence to sustain the secretary's findings." *Id*. at 1208 and 1210. Further, *Holladay* found that a CE is not required where its absence does not "render the ALJ incapable of making an overall disability determination." *Id*. at 1210.

The ALJ is not obligated to further develop the record when there is sufficient evidence of record to make an informed decision. *See Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984). In order to be entitled to reversal of the ALJ's decision for failure to develop a full and fair record, Plaintiff must proffer the evidence that should have been made a part of the record, and must show that he was prejudiced by not having such evidence in the record. *See Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984).

The medical evidence shows that the treating physician tested the Child's pulmonary function on several occasions and he was well above the acceptable pulmonary function measures. *See* R. 177-178 (February 28, 2003: "Advice to mother" [with regard to Pulmonary Function (PF) measures] "[G]reen 185-214 - yellow 110-184 - red [less than] 109; Upper yellow to green zones are desired . . . if Child's PF are in low yellow or red zone [Child] needs unscheduled [doctor] visit or go to ER."); R. 177 (March 3, 2003: "PF 175-180 [upper yellow]"); R. 175 (April 23, 2003: "PF in office 160 green."); R. 174 (April 17, 2003: "PF at office 170-180 [upper yellow]."); R. 172 (May 14, 2003: "PF at office 200 [green].").

The ALJ had the information necessary to make an informed decision and a CE was not necessary for the ALJ to make an informed, overall disability determination. Moreover, Plaintiff's counsel at the hearing never raised the issue of a CE for pulmonary function tests, and never asked the ALJ to send Plaintiff for a CE (R. 188-214). The ALJ was not required to send Plaintiff for a CE for pulmonary function tests.

In conclusion, Substantial Medical evidence supports the ALJ's determination that the Child did not meet or medically equal listing 103.03. The Plaintiff never requested a CE for a pulmonary

function test, and other medical evidence was sufficient for the ALJ to make an informed medical decision.

### *IV. CONCLUSION*

The record in this case shows that the Child's activities are affected by his asthma to some degree. The ALJ appropriately considered his circumstances and analyzed them in relation to the exacting disability standard under the Social Security Act. For the reasons set forth above, the ALJ's decision is consistent with the requirements of law and is supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** at Orlando, Florida, this 27th day of September, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record